UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES A. MICHAEL<br><br>    Plaintiff,<br><br>    -v-<br><br>ONLINE INFORMATION SERVICES, INC.<br><br>    Defendant. | CASE NO.: 2:19-cv-00471<br><br>JUDGE:<br><br><u>COMPLAINT</u><br>JURY DEMAND ENDORSED HEREON |

Plaintiff, James A. Michael, for his complaint against Online Information Services, Inc. ("Defendant"), states as follows:

<u>NATURE OF THE ACTION</u>

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described more fully in this complaint.

<u>JURISDICTION AND VENUE</u>

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Indiana.

PARTIES

4. Plaintiff, James A. Michael ("Mr. Michael"), is a natural adult person residing in Brazil, Indiana, which lies within the Southern District of Indiana.

5. Mr. Michael is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Mr. Michael is a "person" as that term is defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Online Information Services, Inc. is a North Carolina corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. On or around September 25, 2019, Mr. Michael checked his credit and noticed multiple entries bearing Defendant's name reporting in collections for *Endeavor Communications*, one such account was for $292.00 (the "Subject Debt"). Relevant pages from Mr. Michael's TransUnion credit report, dated September 25, 2019, are attached to this complaint as Exhibit A.

13. Mr. Michael discovered that Defendant updated it's reporting of the Subject Debt on his credit report on September 10, 2019. *See* Exhibit A.

14. On the credit report, the Subject Debt will be reported until January 2020. Upon information and belief, the Subject Debt was incurred in January 2013.

15. On or around September 25, 2019, Mr. Michael telephoned Defendant to discover more information about the entry appearing on his credit report and the debt Defendant was attempting to collect from him (the "Phone Call").

16. During the Phone Call, Mr. Michael spoke to a representative that identified Defendant as a debt collector attempting to collect the Subject Debt.

17. During the Phone Call, Defendant's agent informed Mr. Michael that he owed Defendant a balance of $292.00 in connection with services provided by *Endeavor Communications* and detailed payment plan options.

18. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues." *See* I.C. § 34-11-2-9.

19. Thus, given the applicable six (6) year statute of limitations and the fact that the Subject Debt has been delinquent since on or around January 2013, as of September 25, 2019, the date Plaintiff telephoned Defendant, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

20. Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent advise, disclose or explain to Mr. Michael that the Subject Debt was time-barred or that Defendant could no longer sue Mr. Michael to collect upon it.

21. Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Mr. Michael that by paying, agreeing to pay any portion of the Subject Debt, or merely acknowledging the validity of the Subject Debt, it could

have the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Mr. Michael to further legal liability.

22. After a reasonable time to conduct discovery, Mr. Michael believes he can prove that all actions taken by Defendant as described herein were taken willfully and with knowledge that Defendant's actions were taken in violation of the law.

### DAMAGES

23. Mr. Michael was misled by Defendant's collections actions, both during the Phone Call and in Defendant's credit reporting on the Subject Debt.

24. Mr. Michael justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

25. Due to Defendant's conduct, Mr. Michael was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26. After a reasonable time to conduct discovery, Mr. Michael believes he can demonstrate that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

27. Due to Defendant's conduct, Mr. Michael is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

### GROUNDS FOR RELIEF
#### COUNT I
#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(8), e(10) and f*

28. All prior paragraphs are incorporated into this count by reference.

29. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (8) Communicating or threatening to communicate any personal credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f during the Phone Call, in conjunction with its September 10, 2019 adverse credit reporting, by attempting to collect upon the Subject Debt from Plaintiff despite omitting any disclosure of material information regarding the Subject Debt's time-barred status and/or potential legal consequences of Plaintiff paying or agreeing to pay upon the time-barred Subject Debt.

31. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of the same to Mr. Michael.

32. Such representations and/or omissions, by Defendant, served only to confuse and intimidate Mr. Michael in the hopes that he waived his rights and affirmative defenses under the law. Mr. Michael was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

33. As an experienced debt collection agency, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under

the FDCPA and applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to misled of deceive.

34. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

35. All prior paragraphs are incorporated into this count by reference.

36. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."
> I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)."
> I.C. 24-5-0.5-3(b)(20).

37. Defendant violated I.C. 24-5-0.5-3(a) and (b)(20) by engaging in unfair, abusive and deceptive conduct in its transactions with Mr. Michael by, *inter alia*: (i) attempting to collect the Subject Debt, during the Phone Call, after omitting the disclosure of information to Mr. Michael regarding the Subject Debt's time-barred status, namely, that Defendant could no longer sue Mr. Michael to collect the Subject Debt; (ii) attempting to collect the Subject Debt during the Phone Call, after omitting the disclosure of information to Mr. Michael regarding the potential legal consequences of Mr. Michael paying, or agreeing to pay, upon the Subject Debt; and (iii)

creating the false impression that Defendant could still sue Mr. Michael to collect the Subject Debt.

38. Defendant knew or should have known, that the Subject Debt was time-barred, yet failed to provide a complete and/or accurate disclosure of the same to Mr. Michael.

39. Defendant intended that Plaintiff rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Mr. Michael from exercising his rights.

40. As pled in paragraphs 23 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James A. Michael, respectfully requests that this Court enter judgment in his favor as follows:

    A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. § 24-5-0.5-4(a)(1)(2);

    B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

    C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

    D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

    E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 27th day of September, 2019.   Respectfully Submitted,

                                                              */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                              */s/ Kristen C. Wasieleski*
                                             Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC

<u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF INDIANA        )
                        ) ss
COUNTY OF CLAY          )

Pursuant to 28 U.S.C. § 1746, Plaintiff, James A. Michael, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of September, 2019.



_____
Signature

9